UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
LIDIA EMELINDA PEREZ CRABBE,        )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )    Civil Action No. 12-1703 (BJR)
                                    )
NATIONAL SELF SERVICE STORAGE,      )
                                    )
        Defendant.                  )
_____ )

**MEMORANDUM OPINION**

This matter is before the Court on defendant's Motion to Dismiss With Prejudice, or in the Alternative, for Judgment on the Pleadings [ECF No. 8]. For the reasons discussed below, the motion will be granted.

I.  BACKGROUND

Plaintiff brings this action for "Breach of Contract under False Preten[s]es" and "Fraudulent[] Charges," Compl. at 1, against National Self Service Storage, "a company engaged in the business of renting personal storage units." Mem. of Grounds & Auth. in Support of Def.'s Mot. to Dismiss, With Prejudice, or in the Alternative, J. on the Pleadings in Favor of the Def. ("Def.'s Mem.") at 1. It appears that plaintiff rented a storage unit at defendant's facility, that a dispute arose as to the timely payment of rental fees, that defendant assessed late fees and other costs, and that, ultimately, defendant denied plaintiff access to the storage unit and its

1

contents. *See generally* Compl.  As compensation for property and income allegedly lost as a result of defendant's actions, plaintiff demands damages of $100,000.00. *Id.* at 1.

Defendant concurs, and describes this action as one "aris[ing] from allegations related to a storage unit licensed to the Plaintiff by the Defendant, and from which the Plaintiff was 'locked out' due to failure to pay monthly fees associated with the unit."  Mot. to Dismiss With Prejudice, or in the Alternative, J. on the Pleadings in Favor of the Def. ("Mot. to Dismiss") ¶ 1. Because plaintiff had "filed a virtually identical claim in the Superior Court of the District of Columbia, Case No. 2011 CA 004741 B[,] to the claim now before this Honorable Court, raising the same allegations arising from the same events," *id.* ¶ 2, defendant moves to dismiss on the ground that plaintiff's claims are barred under the doctrine of *res judicata*.[1]  *See* Def.'s Mem. at 5-7 (page numbers designated by ECF).[2]

Exhibits submitted with defendant's motion demonstrate that, on June 16, 2011, plaintiff filed a civil action against National Self Service Storage in the Superior Court of the District of Columbia.  *See* Def.'s Mem., Ex. 1 (Complaint, *Crabbe v. National Self Service Storage*, No. 2011 CA 004741 B (D.C. Super. Ct. June 16, 2011)).  The complaint alleged that defendant charged her late fees improperly, denied her access to her property, refused to accept tendered rent payments, and threatened to dispose of her property if she failed to pay allegedly fraudulent charges.  *See id.*, Ex. 1.  To her complaint she attached a two-page typewritten statement – a

---

[1]  Although res judicata is an affirmative defense typically set forth in a defendant's answer, it also may be brought – as National Self Service Storage defendant has done – by motion under Rule 12(b)(6) before filing an answer.  *See, e.g., Camp v. Kollen*, 567 F. Supp. 2d 170, 172 n.3 (D.D.C. 2008); *see also Stanton v. D.C. Court of Appeals,* 127 F.3d 72, 76-77 (D.C. Cir. 1997) (noting that courts have allowed parties to raise the *res judicata* defense under Rule 12(b)(6)).

[2]  The Court construes the Civil Statement [ECF No. 12] as plaintiff's opposition to defendant's motion to dismiss.  Plaintiff does not directly address defendant's res judicata argument, however, and instead appears to challenge the Superior Court's decision denying a motion for injunctive relief filed in the prior case.  *See generally* Civil Statement at 1-2.

copy of which is attached to the complaint filed in this case – describing her interactions with staff at the storage facility. *See id.*, Ex. 1. On November 5, 2012, after a bench trial on the merits, judgment was entered in defendant's favor, and on defendant's counter-claim "for breach of contract arising from unpaid rent and fees," Mot. to Dismiss ¶ 3, the Superior Court awarded judgment in defendant's favor in the amount of $2,415.00, plus post-judgment interest,  Def.'s Mem., Ex. 2 (Judgment, *Crabbe v. National Self Service Storage*, No. 2011 CA 004741 B (D.C. Super. Ct. Nov. 5, 2012), arising from unpaid rent and fees for the storage units.

## II.  DISCUSSION

### A.  Dismissal Under Rule 12(b)(6)

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."[3] Fed. R. Civ. P. 12(c). "A Rule 12(c) motion is appropriately granted when no material issue of fact remains to be resolved, and the movant is clearly entitled to judgment as a matter of law." *Montanans for Multiple Use v. Barbouletos,* 542 F. Supp. 2d 9, 13 (D.D.C. 2008) (brackets and citations omitted), *aff'd*, 568 F.3d 225 (D.C. Cir. 2009), *cert. denied*, 130 S. Ct. 3331 (2010); *see Lans v. Adduci Mastriani & Schaumberg, L.L.P.*, 786 F. Supp. 2d 240, 265 (D.D.C. 2011) ("Where the well-pleaded facts set forth in the complaint do not permit a court, drawing on its judicial experience and common sense, to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief." (internal quotation marks and citation omitted)).  The Court "employ[s] the same standard that governs a Rule 12(b)(6) motion to dismiss." *Lans*, 786 F. Supp. 2d at 265 (citing *Jung v. Ass'n of Am. Med. Colls.,* 339 F. Supp. 2d 26, 35-36 (D.D.C. 2004)).

---

[3]    Defendant filed an Answer [ECF No. 5] on January 4, 2013.

For a complaint to survive a Rule 12(b)(6) motion, it need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the claim is and the grounds on which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  The complaint must be construed in the light most favorable to the plaintiff, and "the court must assume the truth of all well-pleaded allegations."  *Warren v. Dist. of Columbia*, 353 F.3d 36, 39 (D.C. Cir. 2004).  The Court's consideration is limited to "only the facts alleged in the complaint [and] documents either attached to or incorporated in the complaint," *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997), and matters such as records from court proceedings over which the Court may take judicial notice.  *Covad Commc'ns Co. v. Bell Atl. Corp.,* 407 F.3d 1220, 1222 (D.C. Cir. 2005).

### B.  Res Judicata

"Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest . . . ."  *Baldwin v. Iowa State Traveling Men's Ass'n*, 283 U.S. 522, 525 (1931).  To this end, "the doctrine of *res judicata* holds that a judgment on the merits in a prior suit bars a second suit involving identical parties or their privies based on the same cause of action."  *Apotex, Inc. v. Food & Drug Admin.*, 393 F.3d 210, 217 (D.C. Cir. 2004) (citing *Drake v. Fed. Aviation Admin.*, 291 F.3d 59, 66 (D.C. Cir. 2002)); *see Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)).

Four factors must exist for a claim to be barred by *res judicata:* "(1) an identity of parties in both suits; (2) a judgment rendered by a court of competent jurisdiction; (3) a final judgment on the merits; and (4) the same cause of action in both suits." *Polsby v. Thompson*, 201 F. Supp.

2d 45, 48 (D.D.C. 2002) (citing *U.S. Indus., Inc. v. Blake Constr. Co.*, 765 F.2d 195, 205 (D.C. Cir. 1985)). "Whether two cases implicate the same cause of action turns on whether they share the same nucleus of facts," *Drake*, 291 F.3d at 66 (internal quotation marks and citation omitted), "for it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies." *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) (footnote, internal quotation marks and citation omitted).  Final judgment on the merits relates to the claim or demand in controversy, "'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.'" *North v. Walsh*, 881 F.2d 1088, 1093 (D.C. Cir. 1989) (quoting *Cromwell v. County of Sac*, 94 U.S. 351, 352 (1877)).  "[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *see* 28 U.S.C. § 1738.  Hence, this Court accords preclusive effect to matters decided by the Superior Court of the District of Columbia. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980); *see also Middlebrooks v. Medstar Health, Inc.*, No. 11-7003, 2011 WL 4920695, at *1 (D.C. Cir. Sept. 27, 2011) (per curiam) ("The Superior Court's dismissal of appellant's prior case with prejudice operated as a final judgment for *res judicata* purposes.").

It is apparent that all four elements necessary to establish res judicata are present in this case.  First, the parties to the lawsuits filed by plaintiff in the Superior Court and in this Court are identical.  Second, the Superior Court is a court of competent jurisdiction.  Third, the Superior Court rendered a final judgment after a non-jury trial on the merits of plaintiff's claim.  Fourth, plaintiff brings the same cause of action in both suits.  There is no substantive difference

between the complaint filed in the Superior Court and the one filed in this Court – in fact, the last two pages of each complaint are identical.  Both cases arise from the rental of storage units at National Self Service Storage's facility in Washington, DC, and both concern the parties' dispute as to the timeliness of plaintiff's rent and fees.  The Superior Court's judgment on the merits of the prior claim operates as a bar to any claim arising from these events.

### III.  CONCLUSION

The Court concludes that the claims plaintiff raises in the instant complaint are barred by the doctrine of res judicata.  Accordingly, defendant's motion will be granted.  An Order is issued separately.

Signed this 25th day of July, 2013.

/s/
BARBARA JACOBS ROTHSTEIN
United States District Judge